

**ORDERED in the Southern District of Florida on December 13, 2023.**

Robert A. Mark, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:                                          CASE NO. 21-11633-RAM
                                                CHAPTER 13
RAQUEL V. MONTENEGRO,

     Debtor.
_____/

**ORDER GRANTING MOTION FOR**
**EARLY PAYOFF AND MOTION TO MODIFY**

     The debtor in this chapter 13 case wants to refinance the debt on non-exempt real property for significantly more than the secured debt determined by a valuation order entered early in the case. The question is, can the debtor use the new loan proceeds to pay the secured and unsecured plan obligations early and keep any remaining proceeds? Or must the proceeds in excess of the stripped-down secured debt be used to increase the distribution to unsecured creditors? These are the questions presented in a motion to modify the confirmed chapter 13 plan and motion for early payoff.

## Factual and Procedural Background

Raquel V. Montenegro (the "Debtor") filed a chapter 13 petition on December 19, 2021.  The Debtor owns non-exempt real property located at 961 NE 96th Street, Miami Shores, Florida 33138 (the "Property").  On January 6, 2022, the Debtor filed Debtor's Motion to Value Collateral of U.S. Bank National Association as Trustee for Lehman XS Trust Series 2006-GP4 and PHH Mortgage Corp., and Determine Secured Status of Lien on Real Property [DE# 97]  (the "Motion to Value"), valuing the Property at $500,000 and proposing to reduce to that amount the secured claim of U.S. Bank National Association as Trustee for Lehman XS Trust Series 2006-GP4 and PHH Mortgage Corp. ("PHH Mortgage").  The Court scheduled an evidentiary hearing, but the Debtor and PHH Mortgage settled the valuation dispute and agreed on a valuation of $560,000.  This value was reflected in the Court's November 7, 2022 Order Granting the Debtor's Motion to Value and Determine Secured Status of Lien on Real Property Held by U.S. Bank National Association as Trustee for Lehman XS Trust, Series 2006-GP4 and PHH Mortgage Corp. [DE# 177] (the "Valuation Order").  The Valuation Order resulted in a secured debt of $560,000 and an unsecured debt of $560,000.[1]

The Debtor's fourteenth amended chapter 13 plan [DE# 175] (the "Plan") was confirmed on December 27, 2022 [DE# 182].  Using the amounts agreed to in the Valuation Order, the Plan pays the stripped-down PHH Mortgage debt of $560,000 at 5.25% interest. Unsecured creditors, including PHH Mortgage's unsecured debt of $560,000, are receiving

---

[1] PHH Mortgage filed Claim No. 10-2 in the amount of $1,129,917.66.  Based on the valuation of $560,000, the remaining unsecured debt would have been $569,917.66.  Apparently, PHH Mortgage agreed to round its unsecured claim down to $560,000.

their pro rata share of $54.20 per month for months 21 through 59 and $72,844.35 in month 60, for a total distribution of just under $75,000.

On March 9, 2023, the Debtor filed a Motion to Payoff Chapter 13 plan [DE# 189] (the "Motion for Early Payoff"), seeking relief to pay off the balance due under the Plan by refinancing the Property for $600,000.  The next day, the Debtor filed a Motion to Modify Chapter 13 Plan [DE# 194] (the "Motion to Modify") and filed a First Modified Plan [DE# 193] (the "Modified Plan").  The Modified Plan proposes a lump-sum payment in month 25 of $588,050.63 to fully pay the amounts remaining due under the confirmed plan to tax creditors, to PHH Mortgage on its stripped-down secured debt ($437,121.59), and to unsecured creditors ($74,958.15).

Nancy K. Neidich, chapter 13 trustee (the "Trustee") opposes both motions.  She cites to 11 U.S.C. § 1329(b) which states that § 1325(a) applies to modified plans.  Section 1325(a)(4) requires a chapter 13 debtor to provide value to the unsecured creditors on the "effective date" of the plan that is not less than the amount the unsecured creditors would receive in a chapter 7 liquidation on that date.  The Trustee argues that the "effective date" for purposes of § 1325(a)(4) is the effective date of the Modified Plan, so the value that unsecured creditors would receive on the effective date must be based on the appreciated value of the Property.  *See* Trustee's Amended Response to Motion to Modify [DE# 210].

The Debtor says okay, I'll just withdraw the Motion to Modify.  I'm not really modifying the confirmed Plan; I'm just paying it off early.  So, we don't need to re-value the non-exempt property and do a new best interest calculation under § 1325.  *See* Debtor's Response to Trustee's Amended Response to Motion to Modify [DE# 212].  Back comes the Trustee in her reply [DE# 213] saying, sorry, you can't do an early payoff without a modification

because § 1329(a)(2) says you need a modified plan to "extend or reduce the time" for payments under the confirmed plan.

After considering the record, and upon review of applicable law, the Court is granting both the Motion for Early Payoff and the Motion to Modify.  The Court agrees with the Trustee that (1) the Debtor must modify the Plan to do an early payoff; and (2) the effective date for the best interest test is the modification date.  But the Modified Plan still meets the liquidation test for two reasons.  First, the Court agrees with courts that hold a debtor is entitled to the appreciated value upon conversion.  Second, even if a chapter 7 trustee could sell the Property, all the proceeds would be paid to PHH Mortgage.  That is so because, under § 348(f)(1)(B) and (C), the Valuation Order stripping down PHH Mortgage's secured debt would not apply in the chapter 7 case.  Therefore, the appreciated value would not be available to unsecured creditors and would not increase the liquidation value in applying the best interest test in § 1325(a)(4).  In sum, the Modified Plan is confirmable.

## Discussion

### A.  Early Payoff is Permitted Under Modified Plans

In bench rulings and in unpublished orders, this Court has allowed debtors to pay off plans early.  The Court has rejected the Trustee's argument that the Bankruptcy Code and Eleventh Circuit authority require a debtor to stay in chapter 13 for the applicable three-year or five-year commitment period.  Knowing my view, the Trustee has not pressed this argument here, but the Court will nonetheless address the issue.

There is a split of opinion in the Bankruptcy Court for the Southern District of Florida and in the Eleventh Circuit.  My colleague, Judge Isicoff, held that chapter 13 debtors are prohibited from paying off their confirmed plans early.  *In re Rhymaun*, 2011 WL 9378787 (Bankr. S.D. Fla. Aug. 8, 2011).  The statutory issue is whether § 1325(b), which requires

above-median debtors to commit to a five-year plan, applies to modified plans. *Rhymaun* concedes that § 1329(b), which specifies the sections that apply to modifications, says that § 1325(a) applies but does <u>not</u> say that 1325(b) applies. But *Rhymaun* agrees with courts that find that § 1325(b) applies by implication because § 1325(a) incorporates the restrictions in § 1325(b). *Rhymaun, 2011 WL 9378787* at \*2. *Rhymaun* also relies on the Eleventh Circuit's decision in *Whaley v. Tennyson* (*In re Tennyson*), 611 F.3d 873 (11th Cir. 2010). *Tennyson* held that a debtor is obligated to remain in chapter 13 for the "applicable commitment period" which is 3 years for below-median debtors and 5 years for above-median debtors. *Tennyson*, 611 F.3d at 880. *Rhymaun* held that *Tennyson* was applicable to modifications, not just at confirmation. *Rhymaun*, 2011 WL 9378787 at \*3.

*Rhymaun* cites opinions from two bankruptcy courts in the Eleventh Circuit reaching the same result: *In re Heideker*, 455 B.R. 263 (Bankr. M.D. Fla. 2011) and *In re Buck*, 443 B.R. 463 (Bankr. N.D. Ga. 2010). After *Rhymaun* was decided, another bankruptcy court in the Eleventh Circuit applied the same analysis and denied early payoff. *In re Carreiro*, 2013 WL 2353784 (Bankr. M.D. Fla. May 30, 2013). However, as noted in *Rhymaun,* other courts have held that § 1325(b) does not apply to modifications. *See, e.g., Sunahara v. Burchard* (*In re Sunahara*) 326 B.R. 768 (B.A.P. 9th Cir. 2005); *In re Davis*, 439 B.R. 863 (Bankr. N.D. Ill. 2010).

Also after *Rhymaun* was decided, another colleague, Judge Kimball, issued a lengthy opinion disagreeing with *Rhymaun* and allowing early payoff. *In re Tibbs*, 478 B.R. 458 (Bankr. S.D. Fla. 2012). In *Tibbs*, Judge Kimball provides a well-reasoned statutory analysis in support of his conclusion that plans modified under § 1329(b) are not subject to the applicable commitment period requirements in § 1325(b)(4). *Tibbs*, 478 B.R. at 462-66. This Court agrees with *Tibbs* that "neither traditional approaches to statutory construction

nor the wording of § 1329(b)(1) support the conclusion that § 1329(b)(1) incorporates § 1325(b)." *Id.* at 463.

*Tibbs* also addressed and rejected the argument that the Eleventh Circuit's *Tennyson* decision applies to modifications, stating that "[n]othing in *Tennyson* indicates that the Eleventh Circuit intended its broad statements in the context of chapter 13 plan confirmation to apply in the context of a later request to modify a confirmed plan." *Id.* at 467. And, referring again to the statutory argument, *Tibbs* noted that *Tennyson*'s "central analysis focused on the effect of § 1325(b), a provision not applicable to modification under § 1329." *Id.* Further, Judge Kimball noted that his decision did not open the door to abuse because § 1325(a)(3) applies to modifications and requires the court to find that a modified plan has been filed in good faith. *Id.* at 465.

Prior to *Tibbs* and *Rhymaun*, at least one other bankruptcy court in the Eleventh Circuit held that *Tennyson* was not controlling. *In re Smith*, 449 B.R. 817 (Bankr. M.D. Fla. 2011). In *Smith,* Judge McEwen held that *Tennyson* was a confirmation case not applicable to motions for early payoff. *Smith*, 448 B.R. at 819. For motions for early payoff, *Smith* held that creditors should have the right to choose the "bird in hand." *Id*. at 820. Stated more formally, *Smith* held that unsecured creditors, not the chapter 13 trustee, should have the choice to receive the full plan payment early rather than objecting because of the possibility that the debtor's income could go up and creditors could compel a modification to increase their distribution. *Id*.

The chapter 13 trustee in the Miami division of our district generally objects to early payoff regardless of whether creditors object. Certainly, the Trustee has standing to object. However, since this Court concludes that neither § 1329(b) nor *Tennyson* preclude early payoff, the Court will grant the Motion for Early Payoff here and likely, in future cases, absent

creditor objection or evidence of bad faith.[2]

Although this Court permits early payoff, it must be done by a modified plan. As described in the introduction, the Debtor hopes to avoid an analysis of the "best interests test" in § 1325(a)(4) by withdrawing her Motion to Modify. She cannot. Paying off a plan early is reducing the time set forth in the plan for paying creditors. And § 1329(b)(2) requires a modification to "extend or reduce the time" for making plan payments.

### B. The Modified Plan Must Satisfy the Best Interest of Creditors Test in § 1325(a)(4) on the Effective Date of the Modification

Section 1329(b)(1) instructs courts to apply § 1325(a) in considering modified plans. Section 1325(a)(4) requires a plan to provide value to unsecured creditors as of "the effective date" that is not less than the amount they would receive if the Debtor's estate was liquidated under chapter 7 on that date. In applying this statutory requirement, the Court must first determine whether "the effective date" under § 1325(a)(4) is the effective date of the original Plan or the effective date of the proposed Modified Plan.

Courts are split on whether the value is measured as of the original date of confirmation or at the time of modification. Some courts have held that the effective date of the confirmed plan still applies when the plan is modified. *See, e.g., In re Forbes*, 215 B.R. 183, 189 (8th Cir. BAP 1997) (holding that the effective date of the plan is not altered by a plan modification and therefore post-petition, post-confirmation assets are not included in the liquidation analysis for purposes of approving a modified plan); *In re Gibson*, 415 B.R. 735 (Bankr. D. Ariz. 2009) (holding that "the effective date of the plan" is the date of

---

[2] In *In re Carreiro*, 2013 WL 2353784 (Bankr. M.D. Fla. May 30, 2013), Judge Delano denied a motion for early payoff, declining to follow Judge McEwen's decision in *In re Smith*, 449 B.R. 817. In *Carreiro*, the debtor filed a motion for early payoff just 30 days after confirmation. Although this Court does not agree with Judge Delano's conclusion that § 1325(b) applies to modifications, I would probably have reached the same result under those facts based on a lack of good faith in the proposed modification.

confirmation unless the plan specifies a different date).  However, a majority of courts apply the effective date of the modification in determining whether a modified plan satisfies the best interests test under § 1325(a)(4).  *See, e.g., In re Barbosa,* 236 B.R. 540 (Bankr. D. Mass.1999), *aff'd* 235 F.3d 31 (1st Cir. 2000) (holding that the effective date of a modified plan for purposes of liquidation value is the date of the plan modification); *In re Madrid*, 2023 WL 3563019 (Bankr. W.D. Wash. May 18, 2023); *In re Nachon-Torres*, 520 B.R. 306, 313-14 (Bankr. S.D. Fla. 2014); *In re Nott*, 269 B.R. 250, 255 (Bankr. M.D. Fla. 2000).

This Court adopts the majority view and concludes that the effective date of the modified plan controls.  As noted by my colleague, Judge Isicoff, in *Nachon-Torres*, and by Judge Heston in *Madrid*, the legislative history indicates that "the application of the liquidation value test must be redetermined at the time of the confirmation of the modified plan."  H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 431 (1977).  Moreover, it seems that there would be no purpose in referencing § 1325(a)(4) as applicable to modifications if the same values established at confirmation of the original plan controlled in evaluating a modified plan.

Agreeing with the Trustee that the effective date of the Modified Plan applies does not mean that the Trustee prevails.  The Court must still determine whether the appreciation in value would be value that a chapter 7 trustee could administer.

### C.  The Modified Plan Satisfies the Liquidation Test in § 1325(a)(4)

Summarizing where we are, the Court has found that (1) early payoff is permitted absent creditor objection or bad faith, (2) that early payoff requires a modified plan, and (3) that the Modified Plan must satisfy the best interest of creditors test in § 1325(a)(4), viewed on the effective date of the modification.  So, would unsecured creditors be better off in a hypothetical chapter 7 liquidation on the effective date of the Modified Plain in this case?

The answer is no for two reasons.

First, the Circuits are split over who gets the appreciation in real property when a chapter 13 converts to chapter 7.  Recently, the Ninth Circuit held that the appreciated value of the debtor's home could be administered by the chapter 7 trustee.  *Castleman v. Burman (In re Castleman),* 75 F.4th 1052 (9th Cir. 2023).  However, the Tenth Circuit reached the opposite conclusion last year, holding that post-petition appreciation in a non-exempt asset belongs to a debtor upon conversion from chapter 13 to chapter 7. *Rodriguez v. Barrera (In re Barrera),* 22 F.4th 1217 (10th Cir. 2022).  The Eleventh Circuit has not yet ruled on the issue.

Why the split?  It's complicated and requires an analysis of several apparently conflicting provisions of the Bankruptcy Code, including § 1306(a) which says that all property acquired during a chapter 13 case is property of the estate, and § 1327(b) which vests all property with the debtor on confirmation.  And then there's § 348(f), which tells us what happens upon conversion.  As one court aptly put it, "[h]armonizing the inharmonious is a tall order."  *In re Elassal*, 654 B.R. 434, 438 (Bankr. E.D. Mich. 2023).

Because there is a second reason for finding the best interest test satisfied, discussed below, the Court is not taking a deep dive into the "who gets the appreciation" issue outlined above.  However, as an alternate ground for approving the Modified Plan, the Court finds that the appreciation in the Property would not be subject to administration by a hypothetical chapter 7 trustee.  Under the facts presented in this case, the Trustee could not compel a modification to increase the payout to unsecured creditors simply because the Property increased in value.  Nor could the Debtor modify the Plan to reduce PHH Mortgage's secured debt if the value of the Property declined.  The Court agrees with the court in *Elassal*, which stated that "[c]hapter 13 debtors assume the risk of depreciation in

their revested assets.  It stands to reason they should also enjoy the benefit of any post-confirmation appreciation of revested property when sold." *Elassal*, 654 B.R. at 446.

There is a second reason for finding the best interest test satisfied.  If a hypothetical chapter 7 trustee sold the Property, all the proceeds would be paid to PHH Mortgage and not result in a distribution to unsecured creditors greater than that provided in the Modified Plan.  That is so by operation of § 348 which describes what happens upon conversion. Specifically, § 348(f)(1)(B) tells us that "valuations of property and of allowed secured claims in the chapter 13 case shall apply only in a case converted to a case under chapter 11 or 12, but not in a case converted to a case under chapter 7."  Therefore, the Valuation Order valuing the Property and PHH Mortgage's secured claim at $560,000 would not be in force if this case was converted to chapter 7.  If there was any doubt about what this means, there is further explanation in § 348(f)(1)(C)(i) which states that "with respect to cases converted from chapter 13—

> the claim of any creditor holding security as of the date of the filing of the petition shall continue to be secured by that security unless the full amount of the claim … has been paid in full as of the date of conversion, <u>notwithstanding any valuation or determination of the amount of an allowed secured claim made for the purposes of the case under chapter 13</u>[.]

11 U.S.C. § 348(f)(1)(C)(i) (emphasis added).

Applied here, this means that if the Property was sold by a chapter 7 trustee for anything less than the remaining debt to PHH Mortgage (approximately $1.2 million less amounts received in the chapter 13 case) all the sale proceeds would be paid to PHH Mortgage.  So, under the Modified Plan, the unsecured creditors are not receiving less on the effective date of the modification than they would receive if the Debtor was liquidated

under chapter 7 on that date.   Therefore, the Modified Plan satisfies the best interest of creditors test in § 1325(a)(4).[3]

<u>Conclusion</u>

The Debtor's largest creditor, PHH Mortgage, agreed to the valuation of the Property securing its debt.   The unsecured creditors, including PHH Mortgage on account of its large unsecured claim resulting from the valuation, accepted the Plan that pays them each their pro rata share of $75,000.   The Debtor now seeks to refinance the Property, which has increased in value, to pay off the Plan.   The appreciated value belongs to the Debtor. Absent objection by the creditors or evidence of bad faith, and despite objection by the Trustee, the Court finds that the Debtor has the right to utilize the proceeds from the refinancing to pay off the Plan early and finds that the Modified Plan that the Debtor filed to accomplish the early payoff satisfies the requirements of § 1329.   Therefore, it is –

**ORDERED** as follows:

1. The Motion for Early Payoff [DE# 189] is granted.

2. The Motion to Modify [DE# 194] is granted.

3. The Modified Plan [DE# 193] is approved.

###

Copies to:

Michael A. Frank, Esq.
Law Offices of Michael A. Frank and Rodolfo H. De La Guardia, Jr.
2000 NW 89th Place, Suite 201
Doral, Florida 33172
(Counsel for Debtor)

---

[3] In determining what the liquidation value would be in a hypothetical chapter 7, the Trustee asks the Court to consider the potential equity in two other non-exempt properties.  The secured debt on these other properties is being paid directly under the Plan and the Modified Plan.  The Court questions whether the equity, if any, in these properties at confirmation of the Plan was considered in evaluating the payments to unsecured creditors. Regardless, the Court finds that the equity, if any, in these properties that are treated outside of the Plan, should not be considered now, in ruling on the proposed modification.

Nancy K. Neidich, Esq.
Standing Chapter 13 Trustee
P.O. Box 279806
Miramar, Florida 33027

April Harriott, Esq.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
6409 Congress Ave., Suite 100
Boca Raton, Florida 33487
(Counsel for U.S. Bank, N.A. as Trustee for Lehman XS Trust, Series 2006-GP4 and PHH
Mortgage Corp.)

Keith S. Labell, Esq.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
6409 Congress Ave., Suite 100
Boca Raton, Florida 33487
(Counsel for U.S. Bank, N.A. as Trustee for Lehman XS Trust, Series 2006-GP4 and PHH
Mortgage Corp.)